W. McEᴡᴀɴ, *Executor of* Jᴏʜɴ Fʀᴀsᴇʀ, *deceased*, vs. Tʜᴇ Wᴇsᴛᴇʀɴ Iɴsᴜʀᴀɴᴄᴇ Cᴏ. Bᴜꜰꜰᴀʟᴏ, N. Y.

Z. procured a policy of insurance for $500, and caused to be inserted a clause, that in case of a loss it should be paid to F. It provided also that if any change takes place in the title, or possession, of the property, whether by sale, lease, legal process, judicial decree, or voluntary transfer, without the assent of the Company, the policy to be void. Afterwards, before loss, Z. sold and conveyed an undivided half interest in the property to B. *Held,* it rendered the policy void.

*Saginaw Circuit Court, November,* 1869.

Demurrer to Declaration.

It appears by the declaration, that on the 22d day of Sept., 1866, the defendant insured Lewis Zagelmyer against loss by fire, to the amount of $500, on a building in the city Saginaw. The defendant endorsed on the policy, at the time that it was issued, as follow : " It is agreed, in case of loss, the insurance effected by this policy is to be paid to the estate of James Fraser, deceased."

James Fraser in his lifetime held a mortgage on the insured property, executed by the insured ; and, by a provision in the mortgage, the mortgagor was to procure insurance on the property for the benefit of the mortgagee, to the amount of $500. On the division of the James Fraser estate, that mortgage passed to John Fraser, as one of the heirs-at-law, and, on his decease, to the plaintiff, as his executor. The policy contained, among others, the following condition : " If the risk be increased by any means within the control of the insured.; or any change takes place in the title or possession of the property, whether by sale, lease, legal process, judicial decree, voluntary transfer, or the policy is assigned, without the consent of the Company endorsed hereon ; or if the interest of the assurrd be any other than the entire, unconditional, or sole ownership of the property, and is not so expressed in the written portion of the policy, *      *      then, and in every such case, this policy shall be void."

Before any loss occurred, Lewis Zagelmeyer sold and conveyed an undivided half interest in the insured property to Herman Bendit, without procuring the defendant's consent.

Afterwards, before the expiration of the period of insurance mentioned in the policy, the property was wholly destroyed by fire.

*Wm, H. Sweet* for Plaintiff.

*J. J. Wheeler* for Defendant.

*By the Court*, SUTHERLAND, J.—The defendant insists that this transfer of a part interest in the insured property, without the defendant's consent, rendered the policy void under the condition of it, which has been quoted. And the plaintiff contends that the "Fraser estate" should be deemed the insured party; and that no act of Zagelmeyer could predjudice the insurance.

Zagelmeyer is obviousely the insured party; and the sense of the contract was that, when a loss should occur, for which the defendant was liable, the money should be paid to the Fraser estate, for the benefit of the insured. Under such a contract, the defendant's liability would be discharged by the failure of Zagelmeyer to fulfil the conditions mentioned in the policy. *Buffalo Steam Engine Works vs. Ins. Co.* 17 *N. Y.* 391, 6 *Gray* 172.

The case of *Foster vs. Ins. Co.*, 2 *Gray* 216, shows how such a contract may be placed beyond the reach of the acts and omissions of the party holding the equity of redemption, and procuring insurance in aid of his mortgage.

Demurrer sustained.